|  |  |
|---|---|
| MIGUEL M. ARMENTERO, | CASE NO. C18-1699-JCC |
| Plaintiff, | ORDER |
| v. |  |
| D.S.H.S., |  |
| Defendant. |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on its pre-service review of Plaintiff Miguel M. Armentero's complaint (Dkt. No. 3) pursuant to 28 U.S.C. section 1915(e)(2). On December 4, 2018, United States Magistrate Judge Hon. Mary Alice Theiler granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff filled out his complaint using a pre-formatted template and named "D.S.H.S." as Defendant.[1] (*See generally* Dkt. No. 3.)

In his complaint, Plaintiff states that the basis for jurisdiction is "diversity of citizenship." (*Id.* at 2.) Under the heading "Federal Question Jurisdiction," Plaintiff states that the following statutes are at issue in his case: "Refugee Act of 1980 (Public Law 96-212) Amendment to

---

[1] The Court can construe the complaint as making a claim against the Washington State Department of Social and Health Services. (*See generally* Dkt. No. 3.)

ORDER
C18-1699-JCC
PAGE - 1

earlier Nationality Act and the Migration and Refugee Assistance Act." (*Id*. at 3.) The complaint further asserts that Plaintiff is a "U.S. Refugee." (*Id*.) Under the heading "Amount in Controversy," Plaintiff lists: "Medical cost and food assistance benefits, internet rates, late fees exceed 75,000 dollars." (*Id*. at 5.) Under the heading "Statement of Claim," Plaintiff writes: "In 2013 Health Benefits were denied as well as food benefits, refusal to accept SSI award letters up to date 2018." (*Id*.) Under the heading "Relief," Plaintiff writes: "On 11-14-18 was denied health/food benefits Plaintiff was hospitalized on 10-24-18 Benefits were stopped on 2013 $150,000 punitive." (*Id*.)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Having screened Plaintiff's complaint, the Court has identified the following deficiencies:

Plaintiff fails to allege sufficient facts to demonstrate that Defendant is liable for the misconduct alleged. At the outset, it is not clear what law Defendant is alleged to have violated. (*See* Dkt. No. 5 at 2.) The complaint cites to a federal refugee statute, but Plaintiff's claim appears to deal with a state agency's failure to provide him with various public assistance benefits. (*See id*. at 2–4.) Also, the federal law cited by Plaintiff does not appear to provide him with a civil cause of action based on the facts alleged in the complaint. That law generally governs the procedures for refugees seeking asylum in the United States. *See* 8 U.S.C. § 1158. Nor is it clear why Plaintiff is entitled to the benefits that he was allegedly denied. Without further specificity, the Court cannot determine whether the complaint asserts a cognizable legal claim or whether that claim is supported by sufficient factual allegations. Further, while Plaintiff describes the harm he experienced—for example, the denial of "health benefits" and "food benefits"—the complaint does not contain sufficient facts to put Defendant on notice of when the harm occurred. (*Id*. at 5) (stating that denial of benefits happened "in 2013").

Based on the forgoing, the Court DECLINES to serve Plaintiff's complaint, but GRANTS him leave to file an amended complaint curing the above-noted deficiencies within 21 days after the date this order is signed. If no amended complaint is timely filed or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is DIRECTED to send Plaintiff a copy of this order as well as the appropriate forms so that he may file an amended complaint.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1699-JCC
PAGE - 4