UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL M. ARMENTERO, | CASE NO. C18-1699-JCC |
| Plaintiff, | ORDER |
| v. | |
| D.S.H.S., | |
| Defendant. | |

This matter comes before the Court *sua sponte*. On December 4, 2018, United States Magistrate Judge Hon. Mary Alice Theiler granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff names "D.S.H.S." as Defendant.[1] (*See generally* Dkt. No. 3.) The Court reviewed the complaint prior to service pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), and determined that it failed to state a claim upon which relief could be granted. (*See* Dkt. No. 5.) On December 20, 2018, the Court directed Plaintiff to file an amended complaint in order to correct the identified deficiencies. (*Id*. at 3.) Plaintiff failed to file an amended complaint.

---

[1] The Court will construe the complaint as making a claim against the Washington State Department of Social and Health Services. (*See generally* Dkt. No. 3.)

ORDER
C18-1699-JCC
PAGE - 1

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229.

Plaintiff fails to allege sufficient facts to demonstrate that Defendant is liable for the misconduct claimed. At the outset, it is not clear what law Defendant is alleged to have violated. (*See* Dkt. No. 5 at 2.) The complaint cites to a federal refugee statute, but Plaintiff's claim appears to deal with a state agency's failure to provide him with various public assistance benefits. (*See id*. at 2–4.) Also, the federal law cited by Plaintiff does not provide him with a civil cause of action based on the facts alleged in the complaint. That law generally governs the procedures for refugees seeking asylum in the United States. *See* 8 U.S.C. § 1158. Nor is it clear why Plaintiff is entitled to the benefits that he was allegedly denied. Without further specificity, the Court cannot determine whether the complaint asserts a cognizable legal claim or whether that claim is supported by sufficient factual allegations. Further, while Plaintiff describes the harm he experienced—for example, the denial of "health benefits" and "food benefits"—the complaint does not contain sufficient facts to put Defendant on notice of when the harm occurred. (*Id*. at 5) (stating that denial of benefits happened "in 2013").

Pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), the Court DISMISSES Plaintiff's complaint (Dkt. No. 3) without leave to amend. Plaintiff's motion to appoint counsel (Dkt. No. 4) is DENIED as moot. The Clerk is DIRECTED to close this case and send a copy of this order to Plaintiff.

DATED this 14th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE